**Milvio DUARTE, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**Docket No. 04–2269PR.**

United States Court of Appeals, Second Circuit.

June 28, 2005.

Andrew D. Greene, Lake Success, NY, for Petitioner–Appellant.

Joshua Klein, Assistant United States Attorney, for David N. Kelley, United States Attorney for the Southern District of New York (Karl Metzner, Assistant United States Attorney, on the brief), New York, NY, for Respondent–Appellee.

PRESENT: MINER, CALABRESI, Circuit Judges, and AMON, District Judge.*

## SUMMARY ORDER

Petitioner–Appellant Milvio Duarte ("Duarte") appeals the order of the district

---

* The Honorable Carol Bagley Amon, United States District Court for the Eastern District of New York, sitting by designation.

court (Haight, *J.*) denying his *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2255. For the purposes of this summary order, we assume the parties' familiarity with the facts, the procedural history, and the scope of the issues presented in this appeal.

At Duarte's sentencing and in his direct appeal, Duarte's counsel did not advance arguments based on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Accordingly, Duarte has procedurally defaulted any *Apprendi*-derived arguments for collateral review of his sentence, and the district court was correct to dismiss his petition. *See Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) (requiring petitioner to show "cause and prejudice" before procedurally defaulted claims will be heard on collateral appeal); *see also Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (explicitly recognizing that counsel may procedurally default a claim while still providing constitutionally adequate assistance). The absence of such an argument did not, moreover, constitute constitutionally ineffective assistance of counsel. Given the state of the law at the time of sentencing, Duarte's counsel did not, in failing to invoke *Apprendi,* breach an "objective standard of reasonableness" under "prevailing professional norms." *See Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

We have considered all of Duarte's arguments and find them to be without merit. The judgment of the district court is therefore AFFIRMED.